UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-03831-Torres

UNITED STATES OF AMERICA

vs.

YOJANI MADRIGAL and
RONAHILN RONNY PEGUERO,

      Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?

                        Respectfully submitted,

                        MARKENZY LAPOINTE
                        UNITED STATES ATTORNEY

By: _____
     YVONNE RODRIGUEZ-SCHACK
     Assistant United States Attorney
     FL Bar No. 794686
     99 N.E. 4th Street
     Miami, Florida 33132
     Tel: 305.961.9014
     Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>YOJANI MADRIGAL and<br>RONAHILN RONNY PEGUERO,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )<br>Case No. 24-MJ-03831-Torres |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about  August 22, 2024  , upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*  ID#TF9887

Lewis Hosch, Special Agent DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone.

Date:  August 30, 2024

*Judge's signature*

City and state:  Miami, Florida    Honorable Edwin G. Torres, United States Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1.  I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2.  The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against YOJANI MADRIGAL and RONAHILN RONNY PEGUERO for knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3.  On or about August 22, 2024, a Maritime Patrol Aircraft detected a go-fast vessel ("GFV") approximately 87 nautical miles south of the Dominican Republic in international waters. The GFV had two individuals on board, no indicia of nationality and was reasonably suspected of

drug trafficking. The HMS TRENT, with a United States Law Enforcement Detachment Team on board, was diverted to interdict and investigate. United States Coast Guard ("USCG") District 7 assumed tactical control of the HMS TRENT and granted a Statement of No Objection for the HMS TRENT to conduct a Right of Visit boarding. The HMS TRENT launched a small boat with a USCG Law Enforcement Detachment Team to board and gain positive control of the GFV.

4. When the boarding team arrived alongside, the GFV had two individuals on board who identified themselves as YOJANI MADRIGAL and RONAHILN RONNY PEGUERO. Both individuals identified themselves as the master and made a claim of nationality for themselves, but made no claim of nationality for the vessel. Consequently, the GFV was treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. The boarding team conducted a full law enforcement boarding.

5. The boarding team recovered a total of twelve (12) bales. A narcotics identification kit (NIK) test was performed on the contents of the bales which tested positive for cocaine. The twelve (12) bales have an approximate weight of 462 kilograms of cocaine. Both individuals, along with the suspected cocaine, were transferred to the HMS TRENT.

[THIS AREA INTENTIONALLY LEFT BLANK.]

6.  Based on the foregoing facts, I submit that probable cause exists to believe that YOJANI MADRIGAL and RONAHILN RONNY PEGUERO, did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
LEWIS HOSCH
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this __30th__ day of August 2024.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE

3